**RESNICK & LOUIS, P.C.**
Prescott Jones, Esq., SBN: 11617
pjones@rlattorneys.com
Katlyn Brady, Esq., SBN: 14371
kbrady@rlattorneys.com
8925 W. Russell Road, Suite 220
Las Vegas, NV 89148
Telephone: (702) 997-3800
Facsimile: (702) 997-3800
*Attorneys for Defendant,*
*Walmart, Inc. d/b/a Walmart Supercenter*

## UNITED STATES DISTRICT COURT

## CLARK COUNTY, NEVADA

|  |  |
|---|---|
| PAMELA TROIANO, Individually; | CASE NO.: |
| Plaintiff, | |
| v. | **DEFENDANTS' NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. § 1332 AND 1441** |
| WALMART, INC., d/b/a WALMART SUPERCENTER, a Delaware Foreign Corporation; WALMART STORES, INC., a Delaware Foreign Corporation; DOES I through X; and ROE BUSINESS ENTITITES I through X, inclusive; | |
| Defendants. | |

Comes now, Defendants Walmart Inc., d/b/a Walmart Supercenter and Walmart Stores, Inc. (Walmart) by and through its counsel of record, PRESCOTT JONES, ESQ. and KATLYN BRADY, ESQ. of the law offices of RESNICK & LOUIS, P.C., gives notice of removal of this action to the United States District Court for the District of Nevada from the Nevada Eighth Judicial District Court in and for Clark County. This Notice of Removal is signed pursuant to Fed. R. Civ. P. 11. In support of this Notice of Removal, Walmart states and alleges as follows:

On October 6, 2021, Plaintiff filed a Complaint in the District Court, County of Clark, State of Nevada. Plaintiff states in her Complaint she is a resident and citizen of the State of Nevada. In

1

1   2018, Wal-Mart Stores, Inc. changed its legal name to Walmart Inc.  Walmart Inc., is a Delaware

2   corporation with its principal place of business in Arkansas.

3        This action is being removed within 30 days from service of the Summons and Complaint

4   on Defendant. Plaintiff served the Summons and Complaint on January 14, 2022. Exhibit A.

5   Defendants have up to and including February 14, 2022, to remove this matter.

6        Plaintiff claims in the Complaint she is requesting damages in excess of $15,000.00.[1] To

7   date, Plaintiff has not provided a demand letter. However, Plaintiff has provided the following

8   information that demonstrates the amount in controversy will exceed $75,000.00: (1) as of July

9   2021, Plaintiff's counsel stated Plaintiff was actively treating with a neurologist, spine surgeon,

10  pain management center, and psychologist,  Exhibit B July 19, 2021 email; (2) as of March 3,

11  2021, Plaintiff was continuing treatment with a physical therapist; (3) Plaintiff received x-rays, a

12  CT Scan, and is treating with a chiropractor; (4) Plaintiff is undergoing treatment for

13  temporomandibular joint dysfunction, which includes physical therapy and consultation with an

14  oral surgeon; (5) Plaintiff has undergone neuropsychological testing; and (6) despite the incident

15  occurring over two years ago, Plaintiff is still undergoing treatment and there is no indication

16  Plaintiff is nearing the end of treatment.[2]

17       A notice of removal was filed in the Eighth Judicial District Court and is attached as Exhibit

18  C.

---

[1] See U.S.C. 28 § 1446(C)(2)(A)(ii).

[2] Further, the Ninth Circuit has clarified that when determining the amount in controversy, the Court is not limited to damages incurred prior to removal and instead the Court determines what relief may be granted if the plaintiff is victorious. *See Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 414-15 (9th Cir. 2018). Thus, assuming Plaintiff has not undergone surgery, but intends to do so, these damages would be included for the purposes of removal.

1    The medical information establishes, by a preponderance of the evidence, that the amount

2  in controversy exceeds $75,000.00.[3] Thus, this Court has jurisdiction to entertain this matter based

3  on diversity jurisdiction.

4

5    DATED this 11th day of February, 2022.

6                                    **RESNICK & LOUIS, P.C.**

7                                    */s/ Katlyn Brady*

8    By:  _____

                                    Prescott Jones, Esq., SBN:  11617
9                                    Katlyn Brady, Esq., SBN:  14371
                                    8925 W. Russell Road, Suite 220
10                                    Las Vegas, NV  89148
                                    Telephone: (702) 997-3800
11                                    Facsimile: (702) 997-3800
                                    *Attorneys for Defendant,*
12                                    *Walmart, Inc. d/b/a Walmart Supercenter*

13

14

15

16

17

18

19

20

21

22

23

24

25

26
_____
27    [3] Defendant notes that by filing this removal, they are not conceding liability nor are they conceding that
Plaintiff is entitled to the claimed medical damages. Instead, Defendant states that under the removal standards, if
Plaintiff were to succeed on all the allegations in the Complaint, Plaintiff would be entitled to recover the medical
28  damages. *See Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 417 (9th Cir. 2018).

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that service of the foregoing **DEFENDANTS' NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. § 1332 AND 1441** was served this 11th day of February, 2022, by:

[X]   **BY U.S. MAIL**: by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Las Vegas, Nevada, addressed as set forth below.

[ ]   **BY FACSIMILE**: by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m. pursuant to EDCR Rule 7.26(a). A printed transmission record is attached to the file copy of this document.

[ ]   **BY PERSONAL SERVICE**: by causing personal delivery by an employee of Resnick & Louis, P.C. of the document(s) listed above to the person(s) at the address(es) set forth below.

[X]   **BY ELECTRONIC SERVICE**: by transmitting via the Court's electronic filing services the document(s) listed above to the Counsel set forth on the service list on this date pursuant to CM/ECF.

Eric J. Willoughby, ESQ.
Stephen M. Shulman, ESQ.
WILLOUGHBY SHULMAN INJURY LAWYERS
3110 S. Rainbow Blvd., Suite 105
Las Vegas, Nevada 89146
Attorneys for Plaintiff

*/s/ Susan Carbone*
_____
An Employee of Resnick & Louis, P.C.

4

**EXHIBIT "A"**

# DISTRICT COURT

## CLARK COUNTY, NEVADA

| | |
|---|---|
| PAMELA TROIANO, Individually;<br><br>        Plaintiff,<br><br>v.<br><br>WALMART, INC., d/b/a WALMART SUPERCENTER, a Delaware Foreign Corporation; WALMART STORES, INC., a Delaware Foreign Corporation; DOES I through X; and ROE BUSINESS ENTITITES I through X, inclusive;<br><br>        Defendants. | Case No.: A-21-842270-C<br>Dept. No.: XXVII<br><br><br>**SUMMONS** |

**NOTICE! YOU HAVE BEEN SUED. THE COURT MAY DECIDE AGAINST YOU WITHOUT YOUR BEING HEARD UNLESS YOU RESPOND WITHIN 21 DAYS. READ THE INFORMATION BELOW.**

**TO THE DEFENDANT:**   A Complaint has been filed by the plaintiff against you for the relief set forth in the Complaint.

WALMART STORES, INC.

1. If you intend to defend this lawsuit, within 21 days after this Summons is served on you exclusive of the day of service, you must do the following:

    a. File with the Clerk of this Court, whose address is shown below, a formal written response to the Complaint in accordance with the rules of the Court.

    b. Serve a copy of your response upon the attorney whose name and address are shown below.

2. Unless you respond, your default will be entered upon application of the plaintiff and this Court may enter a judgment against you for the relief demanded in the Complaint, which could result in the taking of money or property or other relief requested in the Complaint.

3. If you intend to seek the advice of an attorney in this matter, you should do so promptly so that your response may be filed on time.

/ / /

Case No.: A-21-842270-C
Dept. No.: XXVII
WALMART STORES, INC.

4. The State of Nevada or any political subdivision thereof, and any officer, employee, board or commission member of the State of Nevada or political subdivision, and any state legislator shall file an answer or other responsive pleading within 45 days after their respective dates of service.

Issued at the direction of:

CLERK OF COURT

By _____    10/12/2021

ERIC J. WILLOUGHBY, ESQ.                       DEPUTY CLERK          Date
Nevada Bar No. 10277                            Eighth Judicial
STEPHEN M. SHULMAN, ESQ.                        District Courthouse
Nevada Bar No. 12093                            200 Lewis Avenue
WILLOUGHBY SHULMAN INJURY                       Las Vegas, Nevada 89101
LAWYERS
3110 S. Rainbow Blvd., Suite 105                        Demond Palmer
Las Vegas, Nevada 89146
*Attorneys for Plaintiff*
702-852-6688

Electronically Filed
10/6/2021 3:48 PM
Steven D. Grierson
CLERK OF THE COURT

1  **COMP**
2  ERIC J. WILLOUGHBY, ESQ.
   Nevada Bar No. 10277
3  STEPHEN M. SHULMAN, ESQ.
   Nevada Bar No. 12093                                **CASE NO: A-21-842270-C**
4  WILLOUGHBY SHULMAN INJURY LAWYERS                        **Department 27**
   3110 S. Rainbow Blvd., Suite 105
5  Las Vegas, Nevada 89146
6  Telephone:  702-852-6688
   Facsimile:  702-852-0308
7  Eric@wslawlv.com
8  Stephen@wslawlv.com
   *Attorneys for Plaintiff*
9
                              **DISTRICT COURT**
10
11                        **CLARK COUNTY, NEVADA**

12  PAMELA TROIANO, Individually;          Case No.:
                                           Dept. No.:
13              Plaintiff,

14  v.

15  WALMART, INC., d/b/a WALMART
16  SUPERCENTER, a Delaware Foreign
    Corporation; WALMART STORES, INC., a
17  Delaware Foreign Corporation; DOES I
    through X; and ROE BUSINESS ENTITITES
18  I through X, inclusive;
19
20              Defendants.

21
                                **COMPLAINT**
22
23        COMES NOW Plaintiff, PAMELA TROIANO, by and through her attorneys ERIC J.
24  WILLOUGHBY, ESQ. and STEPHEN M. SHULMAN, ESQ., of WILLOUGHBY SHULMAN
25  INJURY LAWYERS, and for her causes of action against Defendants and each of them, alleges
26  as follows:
27        1.     That at all times relevant to these proceedings, Plaintiff, PAMELA TROIANO,
28  was and is a resident of Clark County, Nevada.

                                     -1-

2.    Plaintiff alleges that upon information and belief and at all times relevant hereto that Defendant WALMART, INC., d/b/a WALMART SUPERCENTER (hereinafter "WALMART, INC.") was and is a Delaware foreign corporation and is authorized to and doing business as a retail/supermarket chain, currently located at 5200 S. Fort Apache Road, lawfully and dutifully under the laws of the State of Nevada, in Clark County.

3.    Plaintiff alleges that upon information and belief and at all times relevant hereto that Defendant WALMART STORES, INC. (hereinafter "WALMART STORES, INC.") was and is a Delaware foreign corporation and is authorized to and doing business as a retail/supermarket chain, currently located at 5200 S. Fort Apache Road, lawfully and dutifully under the laws of the State of Nevada, in Clark County.

4.    That Defendants, DOES I through X represent the individual, corporation, associate, or person who is/are otherwise responsible for creating, owning, controlling, inspecting, and maintaining the premises that includes floors common to all occupants and invitees of Defendants, located inside the store at or around 5200 S. Fort Apache Road, in Clark County, Nevada, at all times mentioned herein.

5.    That the true names and capacities, whether individual, corporate, associate, or otherwise of Defendants named herein as DOES I through X are unknown to Plaintiff who, therefore, sues said Defendants by said fictitious names. Plaintiff is informed and believes and thereon alleges that each of the Defendants designated as DOES are responsible in some manner for the events and happenings referred to, specifically the failure to properly create, maintain, control, secure, and/or warn of the dangerous condition of liquid on the floor inside Defendants' premises near the pharmacy at the subject store and caused damages proximately to Plaintiff as herein alleged, and Plaintiff will ask leave of this Court to amend her Complaint to insert the true names and capacities of DOES I through X when the same have been ascertained and to join such Defendants in this action. At all times mentioned herein, each Defendant was acting as the agent, servant, and employee of each other Defendant.

6.    That Defendant, ROE BUSINESS ENTITIES I through X represent the individual, corporation, associate, or persons who is/are otherwise responsible for, creating,

owning, controlling, inspecting, and maintaining the premises that includes the floors common to all occupants and invitees of Defendants, located inside 5200 S. Fort Apache Road, in Clark County, Nevada, at all times mentioned herein.

7. That the true names and capacities, whether individual, corporate, associate, or otherwise of Defendants named herein as ROE BUSINESS ENTITIES I through X are unknown to Plaintiff who, therefore, sues said Defendants by said fictitious names. Plaintiff is informed and believes and thereon alleges that each of the Defendants designated as ROE BUSINESS ENTITIES are responsible in some manner for the events and happenings referred to, specifically the failure to properly create, maintain, control, repair, and/or warn of the dangerous condition of liquid on the floors inside Defendants' premises near the pharmacy at the subject store and caused damages proximately to Plaintiff as herein alleged, and Plaintiff will ask leave of this Court to amend her Complaint to insert the true names and capacities of ROE BUSINESS ENTITIES I through X when the same have been ascertained and to join such Defendants in this action. At all times mentioned herein, each Defendant was acting as the agent, servant, and employee of each other Defendant.

8. Such DOES and ROE BUSINESS ENTITIES, include, but are not limited to the predecessors and successors in interest of Defendants, and each of them.

9. At all times mentioned herein, Defendants, and each of them, were the agents, servants, partners, and/or employees of each and every other Defendant and were acting within the course and scope of their agency, partnership, and or/employment.

10. Defendants, and each of them, owned, utilized, and were charged with controlling, inspecting, maintaining, and managing the premises that includes the floors near the pharmacy common to all occupants and invitees of Defendants, which is located at or around 5200 S. Fort Apache Road (WALMART #5070), in Clark County, Nevada ("the premises", "the property").

11. Defendants have had such minimum contacts with the State of Nevada so as to grant this Court jurisdiction over their person, whether generally, or as a specific result of the facts giving rise to this Complaint.

12.     That at all times relevant, Defendant, WALMART, INC., d/b/a WALMART SUPERCENTER, and/or WALMART STORES, INC. d/b/a WALMART SUPERCENTER, and each of them, owned, utilized, controlled, managed, and/or maintained the property/premises located at or around 5200 S. Fort Apache Road, in Clark County, Nevada, which conducts business under the name Walmart Supercenter, which property/premises includes the floors near the pharmacy common to all occupants and invitees where the subject incident occurred.

13.     That on or about October 11, 2019, Plaintiff was stepping forward in the line at the pharmacy at WALMART, INC., d/b/a WALMART SUPERCENTER, and/or WALMART STORES, INC. d/b/a WALMART SUPERCENTER located at 5200 S. Fort Apache Road, Las Vegas, Nevada, when Defendants, and each of them, so carelessly and negligently created, owned, utilized, controlled, inspected, and maintained the premises in a dangerous condition so as to allow, among other things, a slip and fall hazard, that being standing liquid on the floor located in a high traffic area common to all customers and employees, and as a result thereof Plaintiff slipped on the clear liquid, which caused Plaintiff to fall and, as a proximate result thereof, Plaintiff was severely injured.

14.     That it was there and then the duty of Defendants, and each of them, their agents, servants, and/or employees, to exercise reasonable care in maintaining its premises, which includes the floors located near the pharmacy within the store, so as to not cause injury or damage to Plaintiff or others around said premises.

15.     Plaintiff alleges that since Defendants' employees' negligence was committed within the scope of their employment with Defendants, these Defendants are vicariously liable for the negligence of Defendants' employees pursuant to the doctrine of respondent superior.

16.     That Defendants, and each of them, are also liable to Plaintiff for her injuries and damages as a result of their negligent hiring, supervision, and/or training of their employees.

/ / /

/ / /

/ / /

-4-

17.    That as a direct and proximate result of Defendants, and each of them, and their employee/agents' negligent acts and/or omissions and breach of duty, Plaintiff sustained severe and debilitating injuries to her head, teeth, right cheek, right side of jaw, neck, left shoulder and arm, and left leg and foot, as well as mental anguish and anxiety, among other injuries.

18.    That as a further direct and proximate result of the negligence of Defendants, and each of them, Plaintiff was required, and will be required in the future, to incur expenses for medical care and treatment and costs incidental thereto.

19.    That as a further direct proximate result of the aforesaid negligence of Defendants, and each of them, Plaintiff has endured physical and emotional pain and suffering. It is further expected that Plaintiff will be forced to endure future physical and emotional pain associated with her continued recuperation, physical therapy, and limitations associated with her injuries into the foreseeable future.

20.    That as a further direct and proximate result of other aforesaid negligence of Defendants, and each of them, Plaintiff has incurred damages in an amount to be determined at trial, but which are in an amount in excess of $15,000.00.

21.    That Plaintiff has further been forced to retain the services of an attorney to prosecute this action and is entitled to reasonable attorneys' fees and costs of suit incurred herein, as well as prejudgment interest.

WHEREFORE, Plaintiff, expressly reserving the right to amend her Complaint at the time of trial of the action herein to include all items of damages not yet ascertained, demands judgment against Defendants, and each of them, as follows:

1.    General and special damages in an amount in excess of $15,000.00;

2.    Damages for costs of medical care and treatment and costs incidental therein, when the same have been fully ascertained;

3.    For reasonable attorneys' fees and costs of suit incurred herein; and,

///
///
///

4.    For such other and further relief as the Court may deem proper.

DATED this _____ day of October, 2021.

WILLOUGHBY SHULMAN INJURY LAWYERS

_____
ERIC J. WILLOUGHBY, ESQ.
Nevada Bar No. 10277
STEPHEN M. SHULMAN, ESQ.
Nevada Bar No. 12093
3110 S. Rainbow Blvd., Ste. 105
Las Vegas, Nevada 89146
*Attorneys for Plaintiff*

# EXHIBIT "B"

**From:**       Lucy McCauley
**Sent:**       Tue, 20 Jul 2021 13:02:28 +0000
**To:**         archive-wmtpa@conduent.com
**Subject:**    [External] - 8973108  Pamela Troiano

This email is from an external source. Use caution responding to it, opening attachments or clicking links.

**Lucy McCauley**
**GL Case Manager**
(800) 527-0566  x57929
(877) 219-0742  fax
Lucy.McCauley@walmart.com

Walmart Claim Services, Inc.
PO Box 14731
Lexington, KY 40512-4731
**Respect — Service — Excellence**

**From:** Jazmin Solorzano <Jazmin@wslawlv.com>
**Sent:** Monday, July 19, 2021 11:02 AM
**To:** Lucy McCauley <Lucy.Mccauley@walmart.com>
**Subject:** EXT: RE: 8973108  Pamela Troiano

**EXTERNAL:** Report suspicious emails to **Email Abuse.**

Good morning Lucy,

Client is treating with her neurologist, spine surgeon, pain management and psychologist.

Thank you.

*Jazmin Solorzano*

Jazmin Solorzano, Legal Assistant
Willoughby Shulman Injury Lawyers
3110 S. Rainbow Blvd., Ste. 105
Las Vegas, NV 89146
Office: 702-852-6688
Facsimile: 702-852-0308
Jazmin@wslawlv.com
www.WilloughbyShulman.com

**EXHIBIT "C"**

Electronically Filed
2/11/2022 11:25 AM
Steven D. Grierson
CLERK OF THE COURT

1   **NOTC**
**RESNICK & LOUIS, P.C.**
2   Prescott Jones, Esq., SBN:  11617
    pjones@rlattorneys.com
3   Katlyn Brady, Esq., SBN:  14371
    kbrady@rlattorneys.com
4   8925 W. Russell Road, Suite 220
    Las Vegas, NV  89148
5   Telephone: (702) 997-3800
    Facsimile: (702) 997-3800
6   *Attorneys for Defendant,*
    *Walmart, Inc. d/b/a Walmart Supercenter*
7

8                       **DISTRICT COURT**

9                   **CLARK COUNTY, NEVADA**

10

11   PAMELA TROIANO, Individually;          CASE NO.: A-21-842270-C

12                      Plaintiff,          DEPT:   27

13   v.                                     **DEFENDANTS' NOTICE OF**
                                            **REMOVAL PURSUANT TO 28 U.S.C. §**
14   WALMART, INC., d/b/a WALMART           **1332 AND 1441**
     SUPERCENTER, a Delaware Foreign
15   Corporation; WALMART STORES, INC., a
     Delaware Foreign Corporation; DOES I
16   through X; and ROE BUSINESS ENTITITES
     I through X, inclusive;
17
18                      Defendants.
19

20          Comes now, Defendants Walmart Inc., d/b/a Walmart Supercenter and Walmart Stores,

21   Inc. (Walmart) by and through its counsel of record, PRESCOTT JONES, ESQ. and KATLYN

22   BRADY, ESQ. of the law offices of RESNICK & LOUIS, P.C., gives notice of removal of this

23   action to the United States District Court for the District of Nevada from the Nevada Eighth

24   Judicial District Court in and for Clark County. This Notice of Removal is signed pursuant to Fed.

25   R. Civ. P. 11. In support of this Notice of Removal, Walmart states and alleges as follows:

26          On October 6, 2021, Plaintiff filed a Complaint in the District Court, County of Clark, State

27   of Nevada. Plaintiff states in her Complaint she is a resident and citizen of the State of Nevada. In

28

                                            1

1    2018, Wal-Mart Stores, Inc. changed its legal name to Walmart Inc. Walmart Inc.., d/b/a Walmart

2    Supercenter is a Delaware corporation with its principal place of business in Arkansas.

3         This action is being removed within 30 days from service of the Summons and Complaint

4    on Defendant. Plaintiff served the Summons and Complaint on January 14, 2022. Exhibit A.

5    Defendants have up to and including February 14, 2022, to remove this matter.

6         Plaintiff claims in the Complaint she is requesting damages in excess of $15,000.00.[1] To

7    date, Plaintiff has not provided a demand letter. However, Plaintiff has provided the following

8    information that demonstrates the amount in controversy will exceed $75,000.00: (1) as of July

9    2021, Plaintiff's counsel stated Plaintiff was actively treating with a neurologist, spine surgeon,

10   pain management center, and psychologist,  exhibit B July 19, 2021 email; (2) as of March 3, 2021,

11   Plaintiff was continuing treatment with a physical therapist; (3) Plaintiff received x-rays, a CT

12   Scan, and is treating with a chiropractor; (4) Plaintiff is undergoing treatment for

13   temporomandibular joint dysfunction, which includes physical therapy and consultation with an

14   oral surgeon; (5) Plaintiff has undergone neuropsychological testing; and (6) despite the incident

15   occurring over two years ago, Plaintiff is still undergoing treatment and there is no indication

16   Plaintiff is nearing the end of treatment.[2]

17

18

19

20

21

22

23

24

25

26   [1] *See* U.S.C. 28 § 1446(C)(2)(A)(ii).
     [2] Further, the Ninth Circuit has clarified that when determining the amount in controversy, the Court is not
27   limited to damages incurred prior to removal and instead the Court determines what relief may be granted if the
     plaintiff is victorious. *See Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 414-15 (9th Cir. 2018). Thus, assuming
     Plaintiff has not undergone surgery, but intends to do so, these damages would be included for the purposes of
28   removal.

2

1    The medical information establishes, by a preponderance of the evidence, that the amount

2    in controversy exceeds $75,000.00.[3] Thus, this Court has jurisdiction to entertain this matter based

3    on diversity jurisdiction.

4

        DATED this 11th day of February, 2022.

5

                                **RESNICK & LOUIS, P.C.**

6

                                */s/ Katlyn Brady*

7

                    By:  _____

8                          Prescott Jones, Esq., SBN: 11617
                          Katlyn Brady, Esq., SBN: 14371
9                          8925 W. Russell Road, Suite 220
                          Las Vegas, NV 89148
10                         Telephone: (702) 997-3800
                          Facsimile: (702) 997-3800
11                         *Attorneys for Defendant,*
                          *Walmart, Inc. d/b/a Walmart Supercenter*
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

_____

27    [3] Defendant notes that by filing this removal, they are not conceding liability nor are they conceding that
      Plaintiff is entitled to the claimed medical damages. Instead, Defendant states that under the removal standards, if
      Plaintiff were to succeed on all the allegations in the Complaint, Plaintiff would be entitled to recover the medical
28    damages. *See Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 417 (9th Cir. 2018).

3

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that service of the foregoing **DEFENDANTS' NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. § 1332 AND 1441** was served this 11th day of February, 2022, by:

[ ]  **BY U.S. MAIL**: by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Las Vegas, Nevada, addressed as set forth below.

[ ]  **BY FACSIMILE**: by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m. pursuant to EDCR Rule 7.26(a). A printed transmission record is attached to the file copy of this document.

[ ]  **BY PERSONAL SERVICE**: by causing personal delivery by an employee of Resnick & Louis, P.C. of the document(s) listed above to the person(s) at the address(es) set forth below.

[X]  **BY ELECTRONIC SERVICE**: by transmitting via the Court's electronic filing services the document(s) listed above to the Counsel set forth on the service list on this date pursuant to EDCR Rule 7.26(c)(4).

Eric J. Willoughby, ESQ.
Stephen M. Shulman, ESQ.
WILLOUGHBY SHULMAN INJURY LAWYERS
3110 S. Rainbow Blvd., Suite 105
Las Vegas, Nevada 89146
Attorneys for Plaintiff

*/s/ Susan Carbone*
_____
An Employee of Resnick & Louis, P.C.

**EXHIBIT "A"**

# DISTRICT COURT

## CLARK COUNTY, NEVADA

| | |
|---|---|
| PAMELA TROIANO, Individually; | Case No.: A-21-842270-C |
| | Dept. No.: XXVII |
| Plaintiff, | |
| | |
| v. | **SUMMONS** |
| | |
| WALMART, INC., d/b/a WALMART | |
| SUPERCENTER, a Delaware Foreign | |
| Corporation; WALMART STORES, INC., a | |
| Delaware Foreign Corporation; DOES I | |
| through X; and ROE BUSINESS | |
| ENTITITES I through X, inclusive; | |
| | |
| Defendants. | |

**NOTICE! YOU HAVE BEEN SUED. THE COURT MAY DECIDE AGAINST YOU WITHOUT YOUR BEING HEARD UNLESS YOU RESPOND WITHIN 21 DAYS. READ THE INFORMATION BELOW.**

**TO THE DEFENDANT:**   A Complaint has been filed by the plaintiff against you for the relief set forth in the Complaint.

### WALMART STORES, INC.

1. If you intend to defend this lawsuit, within 21 days after this Summons is served on you exclusive of the day of service, you must do the following:

   a. File with the Clerk of this Court, whose address is shown below, a formal written response to the Complaint in accordance with the rules of the Court.

   b. Serve a copy of your response upon the attorney whose name and address are shown below.

2. Unless you respond, your default will be entered upon application of the plaintiff and this Court may enter a judgment against you for the relief demanded in the Complaint, which could result in the taking of money or property or other relief requested in the Complaint.

3. If you intend to seek the advice of an attorney in this matter, you should do so promptly so that your response may be filed on time.

///

Case No.:  A-21-842270-C
Dept. No.: XXVII
WALMART STORES, INC.

4. The State of Nevada or any political subdivision thereof, and any officer, employee, board
   or commission member of the State of Nevada or political subdivision, and any state
   legislator shall file an answer or other responsive pleading within 45 days after their
   respective dates of service.

Issued at the direction of:                      CLERK OF COURT

                                                 By_____  10/12/2021
ERIC J. WILLOUGHBY, ESQ.                          DEPUTY CLERK                    Date
Nevada Bar No. 10277                             Eighth Judicial
STEPHEN M. SHULMAN, ESQ.                         District Courthouse
Nevada Bar No. 12093                             200 Lewis Avenue
WILLOUGHBY SHULMAN INJURY                        Las Vegas, Nevada 89101
LAWYERS
3110 S. Rainbow Blvd., Suite 105                         Demond Palmer
Las Vegas, Nevada 89146
*Attorneys for Plaintiff*
702-852-6688

Electronically Filed
10/6/2021 3:48 PM
Steven D. Grierson
CLERK OF THE COURT

1  **COMP**
   **ERIC J. WILLOUGHBY, ESQ.**
2  Nevada Bar No. 10277
   **STEPHEN M. SHULMAN, ESQ.**
3  Nevada Bar No. 12093
   **WILLOUGHBY SHULMAN INJURY LAWYERS**
4  3110 S. Rainbow Blvd., Suite 105
   Las Vegas, Nevada 89146
5  Telephone:  702-852-6688
   Facsimile:  702-852-0308
6  Eric@wslawlv.com
   Stephen@wslawlv.com
7  *Attorneys for Plaintiff*

CASE NO: A-21-842270-C
Department 27

8

9                          **DISTRICT COURT**

10                     **CLARK COUNTY, NEVADA**

11

12  PAMELA TROIANO, Individually;          Case No.:
                                           Dept. No.:
13                Plaintiff,

14  v.

15  WALMART, INC., d/b/a WALMART
    SUPERCENTER, a Delaware Foreign
16  Corporation; WALMART STORES, INC., a
    Delaware Foreign Corporation; DOES I
17  through X; and ROE BUSINESS ENTITITES
    I through X, inclusive;
18
19                Defendants.
20

21

22                         **COMPLAINT**

23       COMES NOW Plaintiff, PAMELA TROIANO, by and through her attorneys ERIC J.

24  WILLOUGHBY, ESQ. and STEPHEN M. SHULMAN, ESQ., of WILLOUGHBY SHULMAN

25  INJURY LAWYERS, and for her causes of action against Defendants and each of them, alleges

26  as follows:

27       1.    That at all times relevant to these proceedings, Plaintiff, PAMELA TROIANO,

28  was and is a resident of Clark County, Nevada.

                              -1-

2.      Plaintiff alleges that upon information and belief and at all times relevant hereto that Defendant WALMART, INC., d/b/a WALMART SUPERCENTER (hereinafter "WALMART, INC.") was and is a Delaware foreign corporation and is authorized to and doing business as a retail/supermarket chain, currently located at 5200 S. Fort Apache Road, lawfully and dutifully under the laws of the State of Nevada, in Clark County.

3.      Plaintiff alleges that upon information and belief and at all times relevant hereto that Defendant WALMART STORES, INC. (hereinafter "WALMART STORES, INC.") was and is a Delaware foreign corporation and is authorized to and doing business as a retail/supermarket chain, currently located at 5200 S. Fort Apache Road, lawfully and dutifully under the laws of the State of Nevada, in Clark County.

4.      That Defendants, DOES I through X represent the individual, corporation, associate, or person who is/are otherwise responsible for creating, owning, controlling, inspecting, and maintaining the premises that includes floors common to all occupants and invitees of Defendants, located inside the store at or around 5200 S. Fort Apache Road, in Clark County, Nevada, at all times mentioned herein.

5.      That the true names and capacities, whether individual, corporate, associate, or otherwise of Defendants named herein as DOES I through X are unknown to Plaintiff who, therefore, sues said Defendants by said fictitious names. Plaintiff is informed and believes and thereon alleges that each of the Defendants designated as DOES are responsible in some manner for the events and happenings referred to, specifically the failure to properly create, maintain, control, secure, and/or warn of the dangerous condition of liquid on the floor inside Defendants' premises near the pharmacy at the subject store and caused damages proximately to Plaintiff as herein alleged, and Plaintiff will ask leave of this Court to amend her Complaint to insert the true names and capacities of DOES I through X when the same have been ascertained and to join such Defendants in this action. At all times mentioned herein, each Defendant was acting as the agent, servant, and employee of each other Defendant.

6.      That Defendant, ROE BUSINESS ENTITIES I through X represent the individual, corporation, associate, or persons who is/are otherwise responsible for, creating,

1  owning, controlling, inspecting, and maintaining the premises that includes the floors common

2  to all occupants and invitees of Defendants, located inside 5200 S. Fort Apache Road, in Clark

3  County, Nevada, at all times mentioned herein.

4        7.     That the true names and capacities, whether individual, corporate, associate, or

5  otherwise of Defendants named herein as ROE BUSINESS ENTITIES I through X are

6  unknown to Plaintiff who, therefore, sues said Defendants by said fictitious names. Plaintiff is

7  informed and believes and thereon alleges that each of the Defendants designated as ROE

8  BUSINESS ENTITIES are responsible in some manner for the events and happenings referred

9  to, specifically the failure to properly create, maintain, control, repair, and/or warn of the

10  dangerous condition of liquid on the floors inside Defendants' premises near the pharmacy at

11  the subject store and caused damages proximately to Plaintiff as herein alleged, and Plaintiff

12  will ask leave of this Court to amend her Complaint to insert the true names and capacities of

13  ROE BUSINESS ENTITIES I through X when the same have been ascertained and to join such

14  Defendants in this action. At all times mentioned herein, each Defendant was acting as the

15  agent, servant, and employee of each other Defendant.

16        8.     Such DOES and ROE BUSINESS ENTITIES, include, but are not limited to the

17  predecessors and successors in interest of Defendants, and each of them.

18        9.     At all times mentioned herein, Defendants, and each of them, were the agents,

19  servants, partners, and/or employees of each and every other Defendant and were acting within

20  the course and scope of their agency, partnership, and or/employment.

21        10.    Defendants, and each of them, owned, utilized, and were charged with

22  controlling, inspecting, maintaining, and managing the premises that includes the floors near the

23  pharmacy common to all occupants and invitees of Defendants, which is located at or around

24  5200 S. Fort Apache Road (WALMART #5070), in Clark County, Nevada ("the premises", "the

25  property").

26        11.    Defendants have had such minimum contacts with the State of Nevada so as to

27  grant this Court jurisdiction over their person, whether generally, or as a specific result of the

28  facts giving rise to this Complaint.

12.     That at all times relevant, Defendant, WALMART, INC., d/b/a WALMART SUPERCENTER, and/or WALMART STORES, INC. d/b/a WALMART SUPERCENTER, and each of them, owned, utilized, controlled, managed, and/or maintained the property/premises located at or around 5200 S. Fort Apache Road, in Clark County, Nevada, which conducts business under the name Walmart Supercenter, which property/premises includes the floors near the pharmacy common to all occupants and invitees where the subject incident occurred.

13.     That on or about October 11, 2019, Plaintiff was stepping forward in the line at the pharmacy at WALMART, INC., d/b/a WALMART SUPERCENTER, and/or WALMART STORES, INC. d/b/a WALMART SUPERCENTER located at 5200 S. Fort Apache Road, Las Vegas, Nevada, when Defendants, and each of them, so carelessly and negligently created, owned, utilized, controlled, inspected, and maintained the premises in a dangerous condition so as to allow, among other things, a slip and fall hazard, that being standing liquid on the floor located in a high traffic area common to all customers and employees, and as a result thereof Plaintiff slipped on the clear liquid, which caused Plaintiff to fall and, as a proximate result thereof, Plaintiff was severely injured.

14.     That it was there and then the duty of Defendants, and each of them, their agents, servants, and/or employees, to exercise reasonable care in maintaining its premises, which includes the floors located near the pharmacy within the store, so as to not cause injury or damage to Plaintiff or others around said premises.

15.     Plaintiff alleges that since Defendants' employees' negligence was committed within the scope of their employment with Defendants, these Defendants are vicariously liable for the negligence of Defendants' employees pursuant to the doctrine of respondent superior.

16.     That Defendants, and each of them, are also liable to Plaintiff for her injuries and damages as a result of their negligent hiring, supervision, and/or training of their employees.

/ / /

/ / /

/ / /

-4-

17. That as a direct and proximate result of Defendants, and each of them, and their employee/agents' negligent acts and/or omissions and breach of duty, Plaintiff sustained severe and debilitating injuries to her head, teeth, right cheek, right side of jaw, neck, left shoulder and arm, and left leg and foot, as well as mental anguish and anxiety, among other injuries.

18. That as a further direct and proximate result of the negligence of Defendants, and each of them, Plaintiff was required, and will be required in the future, to incur expenses for medical care and treatment and costs incidental thereto.

19. That as a further direct proximate result of the aforesaid negligence of Defendants, and each of them, Plaintiff has endured physical and emotional pain and suffering. It is further expected that Plaintiff will be forced to endure future physical and emotional pain associated with her continued recuperation, physical therapy, and limitations associated with her injuries into the foreseeable future.

20. That as a further direct and proximate result of other aforesaid negligence of Defendants, and each of them, Plaintiff has incurred damages in an amount to be determined at trial, but which are in an amount in excess of $15,000.00.

21. That Plaintiff has further been forced to retain the services of an attorney to prosecute this action and is entitled to reasonable attorneys' fees and costs of suit incurred herein, as well as prejudgment interest.

WHEREFORE, Plaintiff, expressly reserving the right to amend her Complaint at the time of trial of the action herein to include all items of damages not yet ascertained, demands judgment against Defendants, and each of them, as follows:

1. General and special damages in an amount in excess of $15,000.00;

2. Damages for costs of medical care and treatment and costs incidental therein, when the same have been fully ascertained;

3. For reasonable attorneys' fees and costs of suit incurred herein; and,

/ / /

/ / /

/ / /

4.     For such other and further relief as the Court may deem proper.

DATED this _____ day of October, 2021.

WILLOUGHBY SHULMAN INJURY LAWYERS

_____
ERIC J. WILLOUGHBY, ESQ.
Nevada Bar No. 10277
STEPHEN M. SHULMAN, ESQ.
Nevada Bar No. 12093
3110 S. Rainbow Blvd., Ste. 105
Las Vegas, Nevada 89146
*Attorneys for Plaintiff*

# EXHIBIT "B"

**From:**     Lucy McCauley
**Sent:**     Tue, 20 Jul 2021 13:02:28 +0000
**To:**       archive-wmtpa@conduent.com
**Subject:**  [External] - 8973108  Pamela Troiano

This email is from an external source. Use caution responding to it, opening attachments or clicking links.

**Lucy McCauley**
**GL Case Manager**
(800) 527-0566  x57929
(877) 219-0742  fax
Lucy.McCauley@walmart.com

Walmart Claim Services, Inc.
PO Box 14731
Lexington, KY 40512-4731
**Respect — Service — Excellence**

**From:** Jazmin Solorzano <Jazmin@wslawlv.com>
**Sent:** Monday, July 19, 2021 11:02 AM
**To:** Lucy McCauley <Lucy.Mccauley@walmart.com>
**Subject:** EXT: RE: 8973108  Pamela Troiano

**EXTERNAL:** Report suspicious emails to **Email Abuse.**

Good morning Lucy,

Client is treating with her neurologist, spine surgeon, pain management and psychologist.

Thank you.

*Jazmin Solorzano*

Jazmin Solorzano, Legal Assistant
Willoughby Shulman Injury Lawyers
3110 S. Rainbow Blvd., Ste. 105
Las Vegas, NV 89146
Office: 702-852-6688
Facsimile: 702-852-0308
Jazmin@wslawlv.com
www.WilloughbyShulman.com

7/20/2021