1
2
3
4
5
6

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

7   PAMELA TROIANO,                                    Case No. 2:22-CV-260 JCM (NJK)

8                              Plaintiff(s),                    ORDR

9        v.

10  WALMART, INC., d/b/a/ WALMART
     SUPERCENTER, et al.,
11
12                            Defendant(s).

13        Presently before the court is defendants Walmart, Inc. and Walmart Stores, Inc.
14
15  ("defendants")'s motion for summary judgment.  (ECF No. 26).  Plaintiff Pamela Troiano
16  ("plaintiff") filed a response (ECF No. 27), to which defendants replied (ECF No. 28).

17  **I.      Background**

18        This action arises from injuries sustained by plaintiff while she was shopping as a
19
20  business invitee on defendants' premises located in Las Vegas.

21        On October 11, 2019, plaintiff was stepping forward in the line at the pharmacy on the
22  premises when she slipped and fell on a clear, liquid substance.  (ECF Nos. 1 at 11; 27 at 4).  The
23  following facts of this matter are undisputed.

24        The alleged accident occurred when plaintiff was waiting in line with her husband at the
25
26  pharmacy section on the premises.  (ECF No. 27 at 4).  When an employee called for the next
27  customer, plaintiff took a step and immediately slipped and fell to the ground.  (*Id.*).
28  Subsequently, plaintiff began to experience pain on the left side of her body.  (*Id.*).  Although

there is video surveillance taken on the day of the incident, the video fails to capture when the foreign substance appeared on the floor.  Defendants deposed numerous store employees, all of whom testified that they were unaware of the substance being present near the pharmacy area.  (ECF No. 26 at 4-6).

Although plaintiff's complaint does not assert specific causes of action, it is clear that her claims against defendants are for: (1) negligence; (2) respondeat superior; and (3) negligent hiring, supervision, and/or training.  (ECF No. 1 at 11).  Defendants move for summary judgment and seek to dismiss plaintiff's complaint in its entirety.  (ECF No. 26).

The court believes that defendants' failure to produce concrete evidence such as sweep logs combined with plaintiff's extensive expert discovery shows it is unclear whether defendants had constructive notice of the liquid substance on the floor or supervised their employees in a negligent manner.  However, plaintiff's claim for respondeat superior is duplicative of her claim for negligence and thus is dismissed.

**II.    Legal Standard**

The Federal Rules of Civil Procedure allow summary judgment when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims . . . ."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

For purposes of summary judgment, disputed factual issues should be construed in favor of the non-moving party.  *Lujan v. Nat'l Wildlife Fed.*, 497 U.S. 871, 888 (1990).  However, to be entitled to a denial of summary judgment, the non-moving party must "set forth specific facts

showing that there is a genuine issue for trial." *Id*.

In determining summary judgment, the court applies a burden-shifting analysis. "When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000). Moreover, "[i]n such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *Id*.

By contrast, when the non-moving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the non-moving party's case; or (2) by demonstrating that the non-moving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323–24. If the moving party fails to meet its initial burden, summary judgment must be denied, and the court need not consider the non-moving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

If the moving party satisfies its initial burden, the burden then shifts to the opposing party to establish that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

In other words, the nonmoving party cannot avoid summary judgment by relying solely

on conclusory allegations that are unsupported by factual data.  *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).  Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine issue for trial.  *See Celotex Corp.*, 477 U.S. at 324.

At summary judgment, a court's function is not to weigh the evidence and determine the truth, but to determine whether a genuine dispute exists for trial.  *See Anderson v. Liberty Lobby*, *Inc.*, 477 U.S. 242, 249 (1986).  The evidence of the nonmovant is "to be believed, and all justifiable inferences are to be drawn in his favor."  *Id.* at 255.  But if the evidence of the nonmoving party is merely colorable or is not significantly probative, summary judgment may be granted.  *See id.* at 249–50.

The Ninth Circuit has held that information contained in an inadmissible form may still be considered for summary judgment if the information itself would be admissible at trial. *Fraser v. Goodale*, 342 F.3d 1032, 1036 (9th Cir. 2003) (citing *Block v. City of Los Angeles*, 253 F.3d 410, 418-19 (9th Cir. 2001)) ("[t]o survive summary judgment, a party does not necessarily have to produce evidence in a form that would be admissible at trial, as long as the party satisfies the requirements of Federal Rule of Civil Procedure 56.").

### III.   Discussion

#### A.  Negligence

Defendants move for summary judgment on plaintiff's claim for negligence, which alleges that defendants knew or should have known about a hazardous condition on the premises and that their failure to inspect such a condition in a timely manner caused plaintiff's injury. (ECF No. 1 at 11).

A prima facie case for negligence requires the plaintiff to show that (1) the defendant

- 4 -

owed the plaintiff a duty of care, (2) the defendant breached said duty, (3) the breach caused the plaintiff's injury, and (4) the plaintiff was damaged.  *Joynt v. Cal. Hotel & Casino*, 835 P.2d 799, 801 (Nev. 1992).  In Nevada, a business owes a duty to its patrons "to keep the premises in a reasonably safe condition for use."  *Sprague v. Lucky Stores, Inc.*, 849 P.2d 320, 322 (Nev. 1993).

This duty is triggered when there exists a temporary hazardous condition on the property, such as a foreign substance on the floor.  *Eldorado Club v. Graff*, 377 P.2d 174, 176 (Nev. 1962); *Asmussen v. New Golden Hotel Co.*, 392 P.2d 49, 50 (Nev. 1964).  If the business's agent or employee caused the temporary hazardous condition, then "liability may be found upon ordinary agency principles; respondeat superior is applicable, and notice is imputed to the defendant." *Eldorado Club*, 377 P.2d at 175.

But if a third party caused the temporary hazardous condition, the business is liable only if it had actual or constructive notice of the hazard and failed to remedy it.  *FGA, Inc. v. Giglio*, 278 P.3d 490, 496 (Nev. 2012).  The business is charged with constructive notice of a hazardous condition if a reasonable inspection would have revealed such a condition.  *Twardowski v. Westward Ho Motels, Inc.*, 86 Nev. 784, 787, 476 P.2d 946, 947–948 (1970).

The issue here is whether defendants had constructive notice of a hazardous condition. *See San Juan v. PSC Indus. Outsourcing*, 240 P.3d 1026, 1028–29 (Nev. 2010) (citing Restatement (Second) of Torts § 409 (1965)).  The facts pertaining to this issue are complex. And disputed.

Defendants' motion is conclusory, as they essentially argue that because not a single employee saw the substance prior to the incident, plaintiff accordingly lacks sufficient evidence to establish the necessary element of notice to defendants of the unidentified hazard.  (ECF No. 4

at 12).  Defendants fail to produce an unbiased document, such as a sweep log, to demonstrate how often their employees swept the premises and what areas of the store they swept on the day of the subject incident.

Plaintiff also points out that the depositions taken by defendants of their employees do not buttress, but rather hinder, defendants' argument that they did not have constructive notice of the hazard.  In *Sprague*, the Supreme Court of Nevada reversed the district court's order granting summary judgment, as there were numerous questions of fact regarding negligence.  849 P.2d at 323.  The deposition testimony in *Sprague* outlined specific practices and routines regarding sweeps, as one employee testified that he swept the produce section six or seven times per hour.  *Id.* at 322.  Even with this specific testimony pertaining to sweeping procedures, the court *still* viewed the issue of constructive notice as disputed.  *Id.* at 323 (emphasis added).

Here, there is even less compelling evidence than that deemed insufficient by the court in *Sprague*.  One employee testified that she could not remember if she had conducted a safety sweep of the pharmacy area and further noted that she did not regularly conduct safety sweeps, as her doing so depended on her job duties on a specific day.  (ECF No. 27-3 at 11).  Yet another employee testified that there is no explicit procedure regarding sweeps, and he attends to a sweep only if alerted to a spill by an employee working in that specific area of the store.  (ECF No. 27-4 at 11-12).

Further muddying the waters is that in Nevada, there is no set amount of time deemed sufficient to establish constructive notice.  Although not binding on this court, an unpublished opinion from the Ninth Circuit held that two minutes may be sufficient for constructive notice.  *See Rios v. Walmart, Inc.*, 740 F. A'ppx 582, 583 ("[e]ven though the spill had been on the floor for only two minutes and twelve seconds when plaintiff fell, the jury reasonably could have

found that the spill existed for long enough that defendant had constructive notice of it because the maintenance employee could have or should have discovered the spill.").

Given the inherently subjective nature of constructive notice, the court finds it most appropriate, absent additional facts, for a jury to determine whether defendants were negligent. Thus, defendants' motion for summary judgment as to plaintiff's claim for negligence is denied.

B.  Respondeat superior

The court finds plaintiff's cause of action for respondeat superior duplicative of her claims for negligence and negligent hiring, supervision, and/or training.  This district has held that in negligence cases, respondeat superior is best construed a theory of liability as opposed to an independent cause of action.  *Gonzalez v. Nev. Dep't of Corr.*, No. 2:12-cv-02143-RFB-CWF, 2015 WL 4711108, at *7 ("[r]espondeat superior is better understood as a theory of liability than as an independent cause of action . . . [c]ourts in this district have routinely dismissed respondeat superior and vicarious liability causes of action for this reason.").  The court grants defendants' motion for summary judgment as to plaintiff's cause of action for respondeat superior.

C.  Negligent hiring, supervision, and/or training

Defendants request the court enter summary judgment in their favor on plaintiff's claim for negligent, hiring, supervision, and/or training.

An employer has a duty to use reasonable care in the training, supervision, and retention of his or her employees to make sure that the employees are fit for their positions.  *Hall v. SSF, Inc.*, 930 P.2d 94, 99 (1996).  Employers may be held vicariously liable for the actions of an employee who is under the control of the employer and acting within the scope of employment under the doctrine of respondeat superior.  *Evans v. SW Gas Corp.*, 842 P.2d 719, 721 (Nev. 1992).

As stated, *supra*, plaintiff's response points out serious flaws in defendants' procedure, or lack thereof, regarding sweeps.  It appears defendants do not have a set policy governing how often employees are to conduct sweeps and how they log them, contrary to common industry practice.  (ECF No. 27-3 at 11).  Surprisingly, one employee claimed he attends to a sweep only if alerted to a spill by an employee working in that specific area of the store.  (ECF No. 27-4 at 11-12).

Additionally, plaintiff retained two expert witnesses to attack the adequacy of defendants' policies regarding floor safety management.  These two witnesses opined in their expert reports that although the industry "promotes and trains people to take a proactive approach to floor safety management," defendants failed to adhere to industry standards.  (ECF No. 27 at 8-11).  Defendants did not address the expert reports in their reply, which focuses exclusively on the constructive notice issue.  By failing to do, defendants have implicitly conceded that there is a genuine issue of material fact regarding plaintiff's claim for negligent hiring, supervision, and/or training.

**IV.    Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendants Walmart, Inc. and Walmart Stores, Inc.'s motion for summary judgment (ECF No. 26) be, and the same hereby is, GRANTED IN PART and DENIED IN PART.

Plaintiff's cause of action for respondeat superior is DISMISSED.

DATED February 14, 2024.

_____
UNITED STATES DISTRICT JUDGE

- 8 -